

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Bowlen Bond
Criminal District Attorney
Freestone County
Fairfield, Texas.

Dear Sir:

Opinion No. 0-4120

Re: (1) Is the general remission, provided in House Bill 76, Acts 47th Legislature, Regular Session, applicable to the penalty and interest and cost recovered in a judgment obtained in 1937? (2) May the owners of the property pay the delinquent taxes that have accumulated since the date of the judgment, without paying the amount of the judgment, and thereby be entitled to the remission of penalties and interest on the taxes delinquent but not covered in said judgment?

Your request for an opinion from this department has been received and considered. We quote from your request:

"Will you kindly give me an opinion as to the effect of the general tax remission bill passed by the 47th Legislature, Regular Session, upon the following state of facts:

"On August 25, 1937, the State of Texas recovered judgment in the District Court of Freestone County, Texas, against Clair Clark, et al, for the sum of $426.54, for taxes, interest and penalty on three separate tracts of land, and judgment provided for foreclosure of the lien on each separate tract for the taxes, penalty, interest and cost due thereon. This judgment provided for six percent on the full amount of the judgment for taxes, penalty, interest

and cost. Since the date of the judgment, the owners, Clair Clark, et al, have failed to pay the taxes for the years 1937, 1938, 1939 and 1940, and they have also become delinquent. This judgment has never been satisfied, and order of sale has been issued thereon. Will you kindly give me the opinion on the following questions:

"1. Does the general tax remission bill remitting, interest and cost on delinquent taxes due for the years up to 1940, if paid before November 1st, 1941, cover the penalty, interest and cost recovered in the judgment referred to above?

"2. If the above question is answered in the negative, and you hold that the tax remission bill does not effect the judgment for penalty, interest and cost taken in 1937, then can the owners, Clair Clark and others, pay the delinquent taxes now due for 1937, 1938 and 1939 without paying the judgment taken in 1937, and be entitled to the remission of the penalty, interest and cost for the years 1937, 1938 and 1939?"

The applicable provisions of said House Bill 76, Acts of the 47th Legislature, Regular Session, are Sections 1, 2 and 3 thereof, which provide:

"Section 1. That all interest and penalties that have accrued on all ad valorem and poll taxes that were delinquent on or before July 1, 1940, due the State, and county, common school district, road district, levee improvement district, water improvement district and water control and improvement district, irrigation district, and other defined subdivisions of the State (and, subject to the provisions hereinbefore and hereinafter contained, such interest and penalties on delinquent ad valorem and poll taxes due cities, towns, and villages, and special school districts, and independent school districts,) shall be and the same are hereby released, provided said ad valorem and poll taxes are paid on or before November 1, 1941. It is provided that the provisions hereof shall not apply to cities, towns, and villages, and special

school districts, and independent school districts, unless and until the governing body of any such city, town, or village, or special school district, or independent school district finds that unusual or excessive default in the payment of ad valorem and poll taxes has occurred, and that an extension of time for the payment of such delinquent ad valorem and poll taxes will promote and accelerate the collection thereof, whereupon such governing body shall adopt a resolution or ordinance evidencing such finding, and upon the recording of such findings of fact and the provisions of this Act shall be in full force and effect as to any such city, town or village or special school district, or independent school district. It is hereby expressly and specifically provided that penalties and interest herein released are released only on delinquent ad valorem and poll taxes and on no other taxes.

"Section 2. That all costs of every kind and character that have accrued or attached or that may hereafter accrue or attach to or by reason of delinquent poll or ad valorem taxes on which said poll or ad valorem tax the interest and penalties have been released by any of the provisions of this Act shall be and the same are hereby released, and no such costs shall hereafter be charged, collected, or accounted for, provided, however, that any costs that are now due and payable to any officer or official shall remain a valid obligation, notwithstanding the provisions hereof.

"Section 3. Anyone desiring to pay at one time all the delinquent taxes for only one year wherein such taxes are delinquent for more than one year shall have the right to pay the same but without remission of penalties and interest; provided, however that any persons availing themselves of the benefits of this Act shall be required to pay all delinquent ad valorem taxes due the State and county on any specific piece of property on which such taxes are delinquent before the penalties and interest may be released as herein provided; conditioned that a six per cent (6%) penalty on the total amount delinquent be paid on such property."

Honorable Bowlen Bond, Page 4

We refer you to our opinion No. 0-3622 which we think clearly answers your first question in the negative. For the reasons discussed in said opinion, you are respectfully advised that your first question is answered in the negative. A copy of that opinion is enclosed.

In our opinion No. 0-3657, in which we construed the same provisions of House Bill 76, supra, we held:

"Our opinion is that under the Act no penalty on delinquent taxes will be chargeable by the State and county, or by any other political subdivisions adopting the act, where a person pays all the delinquent ad valorem or poll taxes owing by him."

"While the language used is perhaps not as clear as might have been used, we believe that Section 3 was meant to have this effect: (1) If more than one year's taxes are delinquent, the taxpayer may not have the benefit of the release if he pays for one year only, or if he pays for any number of years less than all;"

We think the rule stated in our opinion 0-3657 is applicable to your second question. A copy of that opinion is being enclosed.

You are, therefore, respectfully advised that it is the opinion of this department that the remission of penalties and interest, as provided for in House Bill 76, supra, is not available to the property owners under the facts submitted in your second question. Your second question is accordingly answered in the negative.

APPROVED OCT 28, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken

Harold McCracken
Assistant

HM:ej
Encl.


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN